UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | Case No. SA CV 14-1713-VAP (SP)<br><br>**MEMORANDUM AND ORDER DENYING EXTENSION MOTION AND SUMMARILY DISMISSING ACTION** |

On October 23, 2014, "petitioner" Yolanda Brown – who has not actually yet filed a petition in this Court – filed a letter request with this Court. Petitioner is a California state prisoner who asks the Court to advise her regarding her time to file a petition for writ of habeas corpus in federal court. The Court has informed her in a separate minute order that it cannot so advise her. In addition, it appears that petitioner is seeking an enlargement of her time under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to file a federal habeas petition under 28 U.S.C. § 2254. The relief petitioner requests cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). Because

petitioner has not actually filed a federal habeas petition challenging her conviction or sentence, there is no case or controversy properly before this Court. This Court therefore lacks jurisdiction to grant a motion to extend petitioner's time to file a federal habeas petition or to otherwise decide the timeliness of some such potential future petition. *See U.S. v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) ("a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"); *McDade v. Warden*, 2010 WL 4795377, at *1 (C.D. Cal. 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of § 2254 petition); *see also Calderon v. Ashmus*, 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); *U.S. v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

IT IS THEREFORE ORDERED that petitioner's letter request for an extension of time to file a habeas corpus petition is DENIED, and that Judgment be entered summarily dismissing this action without prejudice.

DATED: Nov 14, 2014

_____
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE